# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Jamonde R. Hill                )
                               )
              Plaintiff        )
                               )
        vs.                    )        Case No. ——————
                               )        *(The case number will be assigned by the clerk)*
US Marshals Task force, US marshals )
Dustin newman, Dustin scruptiva and )
Unkunio US marshals Champaign police )
Deptment, unknow Champaign police officers )
Champaign county states Attorney )
Lindsay Clark-Pilest, Champaign county, )
Civillaus whose identies are presently )
Unknown to plaintiff and their other colorks )
                               )
            Defendant(s)        )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

***\*Please refer to the instructions when filling out this complaint.*** *Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Jamonte Rashad Hill

Prison Identification Number: 1024225

Current address: 3025. Inman Ave, Urbana IL 61801

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Dustin Newman

Current Job Title: Illinois Department of Corrections Parole agent/US marshal

Current Work Address ~~Champaign~~ 1301 Concordia Court

P.O Box 19277 Springfield IL 62794-9277, 600 E michive st## 333
Springfield Illinois 62701

Defendant #2:

Full Name: Dustin Sumption

Current Job Title: Champaign Police officer / US marshal

Current Work Address 82 E. University Ave Champaign IL 61821,

US marshal department 600 E monroe st #333 Springfield IL 62701

Defendant #3:

Full Name: Lindsay Clark-Pinest.

Current Job Title: Champaign County States Attorney

2

Current Work Address 161 E. MAin St Urbana IL, 61801

Defendant #4:

Full Name: Champagn Police Department

Current Job Title: Police officers

Current Work Address 82. E University Ave Champagn Je, 61821

Defendant #5:

Full Name: US Marshals

Current Job Title: US Marshals Task force

Current Work Address U.S. Marshals department 600 E Monroe st #353 Springfeild IL, 62701

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The *"three strikes rule"* bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?          Yes ☐          No ☑

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐          No ☑

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

In the United States District court
for The central District of Illinois


Jamonte R. Hill
            Plaintiff


Champaign County, Champaign Police Department, Unknown
Champaign Police officers, Assistant States Attorney Lindsay Clark-
Rinest, City of champaign, US marshals - Dustin newman
and Dustin sumption, And other unknown US marshals,
And Other unknown officers, And civillans whose Identies
Are presently unknown to Plaintiff all individually and in their
official capacities
            Defendants
                              Jury Demand.


            Complaint


1.   Plaintiff Jamonte-Hill Pro se, complians Defendants,
Champaign county, champaign Police Department, unknown champaign
Police officers, Assistant states Attorney Lindsay clark-Rinest,
City of champaign, US marshals-Dustin newman, Dustin sumption,
unknown US marshals, other unknow officers, And civillans,
Prosecutors who are unknown as of now, all individually and
in their official capacities, as follows.

1

introduction

2.  Jamonce Hill was charged with armed habitual criminal in Case 23-CF-129

3.  Plaintiff spent eight months in Jail before the case was suppressed and dismissed

4.  US marshals searched Plaintiffs residence without activating there Body Worn Cameras, in violation to their policy when conducting a Arrest warrant.

5.  Defendant US marshal searched Plaintiffs residence without a search warrant and violated his fourth Amendment

6.  Defendants US marshalls and champaign Police did not intervene

7.  Defendants Susan newman and Justin Sumption US marshals committed per-suit

8.  Defendant s States Attorney, allowed false testimony, wrongly charged defendant

2

## Jurisdiction and Venue

9. This action is brought pursuant to 42 U.S.C 1983 to redress the deprivation under color of law of plaintiffs rights as secured by the United States constitution.

10. This court has jurisdiction pursuant to 28 U.S.C 1331, 1367. Venue is proper under 28 U.S.C 1391(b) The parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## The Parties

11. At all times relevant hereto Plaintiff Jamonee Hill was a resident of Champaign Illinois

12. At all times relevant hereto, Defendants unknown U.S marshals, unknown Champaign Police officers, unknown States Attorney, All are sued in their individual capacities and acted under color of law and within the scope of their employment during the investigation of the armed habitual case at issue.

3

13. At all times relevant here to Champaign Police was employed by the City of Champaign

14. At all times relevant here to Champaign county was the employer of States Attorney Lindsay Clark-Freest.

15. At all times relevant here to, Champaign County States Attorney Lindsay Clark-Freest was working in the Champaign County States Attorney's office.

16. At all times relevant hereto, Defendant officers were City of Champaign police officers in the City of Champaign Police Department. All are sued in their individual capacities and acted under color of law and within the scope of their employment during the investigation of the armed habitual case at issue.

17. At all times relevant here to, Defendant US marshals were acting as US marshals and all are sued in their individual capacities and acted under color of law and within the scope of their employment during the investigation of the armed habitual case at issue.

4

## Allegations

18. On January 31st 2023, Plaintiff was 28 years old and lived in Champaign, where he lived with family all his life.

19. He has two kids who I support

20. On January 31 2023, Plaintiff was at home when members of the US marshals task force, and Champaign Police came and served an arrest warrant.

21. During this none of the US marshals had activated their Body worn camera as is Policy.

22. During this ~~this~~ Dustin newman and other US marshals did a protective sweep

23. During this Dustin newman working as a US marshal started to illegally Search the house.

24. None of the other officers present intervened.

25. Dustin newman testified on July 20, 2023 that he found the firearm in plain sight

5

26 Dustin Sumpton work as a US Marshal, testified to the same thing.

27. Det. Griffin working as a US Marshal testified on October 11, 2023 that Dustin Newman actually pulled the firearm from under the bed and that it's was not ever in plain sight.

28. There was a Arrest warrant not a search warrant, due to this and Dustin Newman and Dustin Sumpton lying under oath, the case was dismissed and the firearm suppressed October 31, 2023

## Plaintiffs wrongful arrest

29 As a Result of Defendant and officers mis conduct. Plaintiff was wrongfully arrested and charged with Armed Habitual Criminal

30. Defendant did not possess any firearm and is innocent.

31. Plaintiff spent eight months in jail for this

32. Plaintiff was under stress in jail and lost family

6

## Plaintiffs Exoneration

33. On October 31, 2023 the firearm was suppressed

34. On or about January 31, 2024 the case was dismissed in Champaign County By Judge Roger Webber.

## Plaintiffs Damages

35. Plaintiff Spent eight months in Jail for a crime he did not do.

36. Plaintiff lost friends and family that caused emotional pain and suffering

37. Plaintiff missed birthdays of children, funerals, births, and other loved ones events

38. Plaintiff was isolated from loved ones

39. As a result of the foregoing, Plaintiff has suffered tremendous damage, including physical sickness, and emotional damages, all proximately caused by Defendants misconduct.

7

## Count 1-42 U.S.C 1983
### Fourth, Fifth, Fourteenth Amendments

40. Each paragraph of this Complaint is incorporated as if restated fully herein.

41. In the manner described more fully above, the Defendants, US marshalls, officers and States Attorney, individually, jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, arrested and charged Plaintiff with a firearm that was found, in violation of his rights secured by the fourth, fifth and fourteenth Amendments.

42. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiffs clear innocence.

43. As a result of Defendants misconduct described in this count, Plaintiff suffered injuries, including but not limited to physical injury and sickness, loss of liberty, and emotional distress

8

## Count 2 - 42 U.S.C 1983
### Violation of Due Process

44. Each paragraph of this complaint is incorporated as if restated fully herein.

45. As described more fully above, all of the Defendants states attorneys and officers, while acting individually, jointly, and or in conspiracy, as well under color of law within the scope of their employment, deprived Plaintiff of his constitutional right to a fair trial.

46. In the manner described more fully above, the Defendants and officers individually, jointly, and or in concert and in conspiracy, fabricated false statements, lied under oath, and deliberately withheld exculpatory evidence.

47. In doing so, the Defendants violated their clearly established duty to report all material exculpatory and impeachment information to prosecutors

48. Absent Defendants misconduct, Plaintiff would have never been charged in 13-CF-129

9

49. The Defendants misconduct directly and proximately resulted in the unjust and wrongful arrest of Plaintiff, thereby denying him his constitutional right to a fair trial, in violation of the Due Process clause of the fourteenth Amendment of the U.S.C

50. As a direct and proximate result of the violation of his constitutional right to a fair trial, Plaintiff suffered injuries including but not limited to loss of liberty, physical sickness, and emotional distress

51. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to plaintiff's clearly established constitutional rights.

## Count 3 - 42 U.SC 1983
### Fourth Amendment

52. Each paragraph of this complaint is incorporated as if restated fully herein

53. As described more fully above, all of defendants and officers, while acting individually, jointly, and or in conspiracy, as well as under color of law and within the scope of their unemployment deprived plaintiff of his constitutional rights

54. in the manner described more fully above, the Defendant and officers, individually, jointly, and or in concert and in conspiracy, caused Plaintiff to be detained and wrongfully Jailed in the custody of the Champaign County Jail from January 31 2023 to October 31 2023

55. In doing so, Defendants caused Plaintiff and property inside the residence including 17,000 USD to be unreasonably seized, due to the fact that there was an illegal search, and the US Marshalls did not activate body worn cameras per policy when conducting an arrest warrant.

56. Absent Defendants misconduct, the detention and prosecution of plaintiff could not and would not have been pursued.

57. The Defendants misconduct directly and proximately resulted in the unjust unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution.

58. As a direct and proximate result of this violation of his Constitutional right to a lawful search and seizure and not to be detained or imprisoned without probable cause, Plaintiff suffered injuries, including but not limited to loss of liberty, physical sickness, and emotional distress.

11

59. The misconduct described in this count was objectively unreasonable and was undertaken intentionally and with indifference to plaintiffs clearly established constitutional rights.

### Count four - 42 U.S.C. 1983
### Failure to intervene

60. Each paragraph of this complaint is incorporated as if restated fully herein

61. In the manner described above, and by their conduct and under color of law, during the constitutional violations described herein, one or more of the defendants stood by without intervening to prevent the violation of plaintiffs constitutional rights, even though they had the opportunity to do so.

62. As a direct and proximate result of the Defendants failure to intervene to prevent the violation of plaintiffs constitutional rights, plaintiff suffered injuries, including but not limited to loss of liberty, physical harm, and emotional distress. These defendants had a reasonable opportunity to prevent this harm but failed to do so.

12

63. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and indifference to Plaintiffs clearly established constitutional rights.

### Count 5 - 42 USC 1983
#### Conspiracy to Deprive Constitutional Rights

64. Each paragraph of this complaint is incorporated as if restated fully herein.

65. Before and after Plaintiffs arrest, the Defendants and officers, acting within the scope of their employment and under color of law, agreed among themselves and with others individuals to act in concert in order to deprive Plaintiff of his constitutional rights, including his rights to due process and to a fair trial, all as described in the various paragraphs of this complaint.

66. Additionally, before and after Plaintiffs arrest, the Defendants and officers further conspired to deprive Plaintiff of exculpatory information to which he was lawfully entitled and which would have led to his not be charged and incarcerated.

13

67. In this manner, the Defendants and officers, acting in concert with other unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

68. In furtherance of the conspiracy, each of the co-conspirators engaged in a facilitated numerous overt acts, including but not limited to those set forth above such as fabricating evidence, withholding exculpatory evidence, committing perjury during hearings and was an otherwise willful participant in joint activity.

69. As a direct and proximate result of the illicit entanglement and actions in furtherance of the conspiracy referenced above, Plaintiffs rights were violated and he suffered injuries, including but not limited to loss of liberty, physical sickness, and emotional distress.

70. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice, willfulness and deliberate indifference to Plaintiffs rights.

14

## Count Six - 42 USC. 1983
### Monell Policy Claims

71. Each paragraph of this complaint is incorporated as if asserted fully herein.

72. The actions of all of the individual Defendants and Officers were undertaken pursuant to Policies and Practices of the US Marshalls and Police Department, described above, which were ratified by Policymakers with final policymaking authority.

73. These Policies and Practices included the failure to adequately train, supervise, and discipline officers who engaged in the alleged constitutional violations, as set forth in greater detail above.

74. The Policies and Practices described in this count were maintained and implemented by the US Marshals and Champaign Police Department, with deliberate indifference to Plaintiffs constitutional rights.

75. As a direct and Proximate result of the US Marshals and Champaign Police departments actions, Plaintiffs constitutional rights were violated and he suffered injuries and damages, as set forth in this complaint.

15

76. The US marshals and Champaign Police Department are therefore liable for the misconduct committed by Defendants US marshals and officers.

~~[scribbled out]~~

## COUNT 7
### State law claim Malicious Prosecution

77. Each paragraph of this complaint is incorporated as if restated fully herein.

78. The Defendant US marshals and Police officers and champaign county assistant states attorneys Lindsay Clark - Pikest, accused Plaintiff of criminal activity knowing those accusations to be without genuine Probable cause, and they made statements to prosecutors with the intent of exerting influence and to institute and continue the judicial proceedings.

79. The Defendants US marshals, Police officers and Champaign county Assistant States Attorney Lindsay Clark Pikest, cause Plaintiff to be improperly subjected to Judicial Proceedings for which there was no probable cause.

80. These Judicial Proceedings were instituted and continued maliciously, resulting in injury

16

31. Statements of the Defendant US marshals, Police officers, and Champaign County Assistant States Attorney Lindsey Clark-Pivest, regarding Plaintiffs alleged culpability were made with the knowledge that said statements were false and perjured.

32. The Defendants US marshalls Dustin Newman and Dustin Sumption fabricated evidence that plaintiff possessed a firearm.

33. The Defendants were aware that, as described more fully above no true or reliable evidence implicated Plaintiff in possessing a firearm.

34. The Defendant intentionally inserted and misrepresented facts that further vitiated probable cause against Plaintiff, as set forth above.

35. The Defendants US marshals Dustin Newman and Dustin Sumption and Champaign Police officers withheld facts of their manipulation and the resulting fabrications from Plaintiff.

17

86. The misconduct described in this count was undertaken, intentionally, with malice, willfulness and reckless indifference to the nature of the Plaintiff.

87. On or about October 31 2023 the firearm was suppressed due to the unlawful search and seizure.

88. On or about January 31, 2024 the case was dismissed by the prosecution.

89. As a direct and proximate result of this misconduct, Plaintiff sustained, and continues to sustain, injuries as set forth above, including physical sickness and emotional distress.

COUNT 8 — State law intentional infliction of Emotional Distress

90. Each paragraph of this complaint is incorporated as if restated fully herein.

91. The acts and conduct of the Defendant US Marshalls, officers and Champaign County Assistant States Attorney Lindsay Clark-Pinest, as set forth were extreme and outrageous The Defendants actions were abused in abuse of power or authority

18

and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff as is more fully alleged above.

92. As a direct result and proximate result of the Defendant US marshals, officers, and Champaign county States Attorney Lindsay Clark-Frost actions, Plaintiff suffered and continues to suffer physical sickness and severe emotional distress.

Count 9 State law claim civil conspiracy

93 Each paragraph of this complaint is incorporated as if restated fully herin

94. As described more fully in the preceding Paragraphs 91, Defendant US marshals and officers, acting in concert with other unknown and known co-conspirers, conspired by concerted action to accomplish an unlawful purpose by unlawful means

19

95. in furtherance of the conspiracy, the Defendant US marshals and officers committed overt acts and were otherwise willful participants in joint activity including but not limited to the malicious prosecution of Plaintiff and the intentional infliction of emotional distress upon him.

96. The misconduct described in this count was undertaken intentionally, with malice, willfulness and reckless indifference to the rights of others

97. As a direct and proximate result of the defendants conspiracy, Plaintiff suffered damages, including physical sickness and severe emotional distress, as is more fully alleged above.

Count 10 - State law claim
Respondent Superior

98. Each Paragraph of this compliant is incorporated as if restated fully herein.

99. In committing the alleged acts in the preceding Paragraphs, each defendant US marshals, officers and States attorney Lindsay Clark-Ribest where members of, agents of, Champaign County and The City of Champaign acting at all relevant times within the scope of their employment and under the color of law

20

100. Defendants US marshals, Champaign county and the
City of Champaign are liable as principals for all torts
committed by his agents.

COUNT 11  State law claim Indemnification

101. Each paragraph of this complaint is incorporated as if
restated fully herein.

102. Illinois law provides that the public entities are
directed to pay any tort Judgement for compensatory damages
for which employees are liable within the scope of their
employment activities

103. The Defendants us marshals, officers and champaign county
Assistant States Attorney Lindsay Clark-Rivest are employees
of the Defendants Champaign County and City of Champaign
who acted within the scope of their employment in committing
the misconduct described herein.

Wherefore, Plaintiff, Jammie Hill, respectfully requests that this Court
enter Judgement in his favor and against Champaign County, unknown
Champaign Police Department officers, Champaign county Assistant
States Attorney Lindsay Clark-Rivest

21

cend US marshals, and unknown US marshals, and unknown officers, Prosecutors and civillans whose identities are presently unknown to plaindiff, all individually and in their official capacities, (Collectively, "Defendant US marshals and officers"), awarding compensatory damages, attorneys fees, and costs against each Defendant, Punitive damages against each of the individual defendants, as well as any other relief this Court deems appropriate.

### JURY Demand

104. Plaintiff, Jamonce Hill, hereby demands a trial by Jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable

Dated July 11, 2024

Respectfully submitted

Jamonce Hill
502 S. ~~licoman~~ liconan Ave
Urbana IL, 61801

22

I am not sure if I have to fill out a 044
civil cover sheet if so can you send me on because
I am not is possession of one. I used this as a semper

1. Plaintiffs

Jamonie P. Hill

Defendants

Champaign county et al.

county of residence of

first listed Defendant

Champaign

2. Basis of Jurisdiction ☑3 Federal question

4. nature of suit ☑ 440 other civil rights

5. ☑ original proceeding

7. Requested in complaint ☑ yes jury demand

7/10/24                    Hill

23

In The United States District Court
for The Central District of Illinois

Jamonte Hill
          Plaintiff

Champaign County, Champaign Police Department,
Unknown Champaign Police officers, Assistant States
Attorney Lindsay Clark-Rivest, City of Champaign, US marshalls,
US marshalls, Dustin newman and Dustin Eumption, and
other unknown US marshals, And other unknown US marshals,
And civilians whose I desires, are presently un known to
Plaintiff all in dividually and in their official capacities.
                              Defendants
                              JURY Demand

Affidavit Pursuant to Illinois Supreme Court Rule 222

I, Jamonte Hill under oath and subject to the penalties
of perjury, depose and state that the damages sought in
this cause does exceed the Sum of fifty thousand
Dollars (50,000 $). Pursuant to 735 ILCS 5/2-109,
the undersigned certifies that the foregoing Affidavit is
true and correct based upon the person knowledge of the
undersigned.
9-10-24                                        24

Verification By Certification

Under penalties of perjury and provided by law pursuant to Section 1-109 of the Code of Civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

Jamouse R. Hill

25

Plaintiff Jamonte Hill is asking for this to be filed and a case # to be assigned.

Plaintiff has attached evidence to support this claim and is asking for copies of said evidence to be sent back to him

Plaintiff does not know if he needs to attach a JS44 civil cover sheet if so can he please be provided one.

If Plaintiff has correctly done everything necessary to file this lawsuit he is asking for a copy of it once it is filed

If Plaintiff has done anything wrong he is asking to be told so.

Please and Thank you.                          26

Jamonte Hill