UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMONTE HILL, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    No.:   24-2167-CSB |
| | ) |
| DUSTIN NEWMAN, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MERIT REVIEW ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff, proceeding *pro se*, is an inmate with the Illinois Department of Corrections ("IDOC") who is incarcerated at the IDOC's Western Illinois Correctional Center ("Western Illinois"). Plaintiff has paid the required filing fee, in full, and the case is now before the Court for a merit review of his claims. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

1

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff has filed the instant suit under 42 U.S.C. § 1983 against the individuals involved in his arrest and prosecution in Champaign County, Illinois, in October 2023. Plaintiff alleges that he was arrested for being an armed habitual criminal and that he was jailed for eight months before the case against him was dismissed. In his Complaint, Plaintiff alleges that the officers who arrested him (*i.e.*, Defendants Dustin Newman and Dustin Sumptich)[1] violated his Fourth Amendment rights. Plaintiff argues that the arresting officers violated his Fourth Amendment rights in three ways: (1) the officers did not have or operate body cameras during the search of his residence and during his arrest; (2) the officers did not have a warrant to search his residence (they only had an arrest warrant); and (3) the officers perjured themselves during their testimony given at a suppression hearing in state court.

Plaintiff further alleges that Assistant State's Attorney Lindsay Clark-Rivest engaged in malicious prosecution against him when she knowingly used the officers' perjured testimony at the suppression hearing in state court. Plaintiff asserts that a state court judge correctly dismissed the charge against him, and now, Plaintiff has filed this lawsuit seeking monetary damages for the time that he spent in jail, for being falsely arrested, and for being maliciously prosecuted.

---

[1] It is unclear to the Court whether the arresting officers whom Plaintiff name as Defendants are employed by the United States Marshal Service, the Champaign Police Department, or the Illinois Department of Corrections because Plaintiff has referred to the officers as being employed by all three agencies.

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and any attempt to amend his Complaint based upon the asserted facts would be futile. Plaintiff's purported claim against Assistant State's Attorney Lindsay Clark-Rivest is easily resolved. It is well-established that a prosecutor is absolutely immune from § 1983 liability when he or she "acts as an advocate for the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The purpose of prosecutorial immunity is to protect a prosecutor's independence and ability to work unhampered by the threat of baseless litigation sprung from a defendant's "resentment at being prosecuted." *Imbler v. Pachtman*, 424 U.S. 409, 423–25 (1976). Prosecutorial immunity "shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)(cleaned up).

Here, Plaintiff has named Assistant State's Attorney Lindsay Clark-Rivest solely based upon her work as a prosecutor for the State of Illinois in the criminal case filed against him. As such, Assistant State's Attorney Lindsay Clark-Rivest is immune from Plaintiff's malicious prosecution claim against her in in this § 1983 suit.

As for his attempt to hold Officers Newman and Sumptich liable, Plaintiff's claim fairs no better. *First*, there is no Constitutional right to have one's arrest or the search of one's residence recorded by video. *See United States v. Cox*, 2019 WL 7605890, * 13 (N.D. Ind. Oct. 10, 2019), *report and recommendation adopted*, 2019 WL 6337919 (N.D. Ind. Nov. 27, 2019), *aff'd*, 54 F.4th 502 (7th Cir. 2022)(citing cases for the proposition that there is no Due Process right to have one's arrest recorded by video). Therefore, the fact that there was no video evidence of Plaintiff's arrest or any video recording of the search of his

residence does not constitute grounds for holding Officers Newman and Sumptich liable under § 1983.[2]

*Second*, as the Court understands his Complaint, Plaintiff was a parolee at the time of his arrest. Because he was on parole, Officers Newman and Sumptich, in all likelihood, did not need to obtain a search warrant before searching his residence, and therefore, they did not violate Plaintiff's Fourth Amendment rights. *United States v. Beechler*, 68 F.4th 358, 366 n. 1 (7th Cir. 2023).

Regardless, Plaintiff alleged that the officers allegedly found a firearm while conducting a protective sweep of Plaintiff's residence. Although Plaintiff claims that the officers perjured themselves (more on that below) on this point, Officers Newman and Sumptich found the alleged firearm in plain sight. Accordingly, under either scenario, a warrant would not be required because both are exceptions to the Fourth Amendment's warrant requirement. *See Maryland v. Buie*, 494 U.S. 325, 329 (1990)(discussing the protective sweep exception to the Fourth Amendment's warrant requirement); *see also Horton v. California*, 496 U.S. 128, 142 (1990)(discussing the plain view exception to the

---

[2] Even assuming that Officers Newman and Sumptich violated some law enforcement policy by not activating their body cameras, a violation of an internal policy cannot support a claim under § 1983. "In order to state a claim under [Section] 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). An internal law enforcement policy is not a Constitutional right because it does not have the force of law. *United States v. Pecore*, 664 F.3d 1125, 1132 (7th Cir. 2011)("[A] government agency's internal policies and procedures (as opposed to duly enacted regulations), however, do not have the force of law.")(internal quotation omitted).

Fourth Amendment's warrant requirement); *Minnesota v. Dickerson*, 508 U.S. 366, 374–75 (1993)(same).

*Third*, Plaintiff cannot seek to hold Officers Newman and Sumptich monetarily liable to him for (allegedly) offering perjured testimony at his suppression hearing in state court because witnesses are absolutely immune from § 1983 suits for committing perjury at a criminal pre-trial hearing. *Curtis v. Bembenek*, 48 F.3d 281, 283–85 (7th Cir. 1995). The United States Supreme Court has held that this immunity extends to arresting officers. *Briscoe v. LaHue*, 460 U.S. 325, 333, 342–43 (1983).

Finally, because there is no basis for holding Officers Newman and Sumptich liable under § 1983, there is no basis for imposing vicarious liability upon Defendants the United States Marshal Service or the Champaign Police Department. *Killinger v. Brown County Jail*, 2021 WL 1574819, * 2 (E.D. Wis. Apr. 22, 2021)(citing *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992)("Because there is no vicarious liability under § 1983, supervisors are not liable for the alleged misconduct of their subordinates, employers are not liable for the alleged misconduct of their employees, and employees are not liable for the alleged misconduct of their co-workers.").

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's Complaint and this case are DISMISSED because Plaintiff's Complaint fails to state a claim upon which relief can be granted, and any attempt by Plaintiff to amend his Complaint based upon the facts asserted would be futile. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915A.**

2. The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.

3. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).

4. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).

5. If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 9th day of December, 2024

                                                /s Colin S. Bruce
                                                COLIN S. BRUCE
                                      UNITED STATES DISTRICT JUDGE